**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JASVIR SINGH, | No. 06-71271 |
| Petitioner, | Agency No. A098-505-059 |
| v. | |
| ERIC H. HOLDER, JR., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 17, 2010[**]
San Francisco, California

Before: TASHIMA and BEA, Circuit Judges, and READE, Chief District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Linda R. Reade, United States District Court Judge for the Northern District of Iowa, sitting by designation.

Jasvir Singh, a native and citizen of India, petitions for review of a decision by the Board of Immigration Appeals ("BIA"), dismissing his appeal from a decision by the Immigration Judge ("IJ"). The IJ denied Singh's applications for asylum, withholding of removal, and relief under the Convention Against Torture.

Singh testified he was jailed and beaten in 1993 because the Indian police suspected he and his friend were harboring and supporting militants, and that during the following eleven years, the Indian police searched for him in India until he came to the United States in 2004.

"Where, as here, the BIA adopts the IJ's decision while adding its own reasons, we review both decisions." *Kataria v. INS*, 232 F.3d 1107, 1112 (9th Cir. 2000). We review the adverse credibility finding for substantial evidence. *Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir. 2004). The substantial evidence standard sets a high bar for reversing the BIA's decision: "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Chechoub v. INS*, 257 F.3d 1038, 1043 (9th Cir. 2001).

The implausibility of testimony can be a proper basis for finding that the testimony is inherently unbelievable if the IJ's logical inferences are supported by substantial evidence. *See Don v. Gonzales*, 476 F.3d 738, 743 (9th Cir. 2007)

2

(holding substantial evidence supported the IJ's finding that petitioner's fear of persecution by the police was implausible where petitioner had relatives in the police department, had reported threats to the police and had repeated, voluntary interactions with the police).

The record contains substantial evidence supporting the BIA's and IJ's adverse credibility finding. Singh testified he was able to live in India safely, free of harassment, for eleven years following his arrest, while openly working for the Akali Dal Mann political party seeking an independent Sikh state. This belies his claim that he could not relocate anywhere in India safely.

Singh also testified that from the time of his detention in 1993 until the hearing in 2004, the Indian police continued to harass his wife by coming to his house one to two times a month to look for him, and by detaining her in 2003. Yet none of the affidavits from Singh's relatives, friends and neighbors, including his wife, mentioned these things.

Singh testified the police arrested him in 1993 because they suspected him of harboring and supporting armed militants. He also testified he fled because he did not want the police to be angry with him for not testifying against the militants, nor did he want the militants to be angry with him for testifying against them. He did not testify that he was arrested because he was a Sikh, nor because of his

membership in the Dal Mann political party, which he was not even a member of at the time of his arrest. An arrest in connection with the investigation of criminal activity is not a protected ground for asylum or withholding of removal. 8 U.S.C. § 1101(a)(42)(A).

Furthermore, a petitioner does not have a well-founded fear of persecution if he can avoid persecution by relocating to another part of the petitioner's home country, if under all the circumstances it would be reasonable to expect the petitioner to do so. 8 C.F.R. § 1208.13(b)(2)(ii). Here, Singh was able to live free from persecution in another town in India for eleven years.

Finally, the IJ found that the government had met its burden to prove Singh would not be persecuted for any reason if he returned because country conditions had changed. 8 C.F.R. § 208.13(b)(1).

**PETITION DENIED.**